Filed 9/22/25  P. v. Cortez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JESUS GUSTAVO ARREDONDO CORTEZ,<br><br>Defendant and Appellant. | F088201<br><br>(Super. Ct. No. CR-23-007521)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Kellee C. Westbrook, Judge.

Cynthia L. Barnes for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Robert Gezi, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*] Before Franson, Acting P. J., Snauffer, J. and Fain, J.[†]

[†] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Jesus Gustavo Arredondo Cortez was convicted by a jury of assault with a deadly weapon and other crimes arising out of a domestic violence incident. He claims an error in the pattern instruction the trial court gave the jury on the assault charge requires reversal of the conviction on that charge. We disagree and affirm.

## STATEMENT OF THE CASE

Cortez was charged in a first amended information with assault with a deadly weapon other than a firearm (Pen. Code,[1] § 245, subd. (a)(1); count 1), attempting to prevent a witness or victim from reporting a crime (§ 136.1, subd. (b)(1); count 2), attempting to prevent a witness or victim from causing a complaint or information to be prosecuted (§ 136.1, subd. (b)(2); count 3), two counts of vandalism causing $400 or more in damage (§ 594, subd. (b)(1); counts 4 & 5), willful infliction of corporal injury resulting in a traumatic condition upon his spouse (§ 273.5, subd. (a); count 6), and two misdemeanor counts of injury to a wireless communication device (§ 591.5; counts 7 & 8).

A jury found Cortez guilty as charged in counts 1 and 5 and also convicted him of misdemeanor spousal battery, a lesser included offense of the crime charged in count 6. The jury acquitted him of all other charges. The trial court sentenced Cortez to a total of three years, eight months in prison, suspended the execution of the sentence, and placed him on formal probation for three years.

## FACTS

On the night of July 25, 2023, Cortez and his wife, M., argued at their home in Ceres. During the dispute, M.'s son called 911 and reported that Cortez had hit his mother, broken her phone, and grabbed knives. When police arrived, M. and her children were outside, and Cortez was taken into custody.

---

[1] Undesignated statutory references are to the Penal Code.

At trial, M. testified that Cortez struck her arm and broke her phone during the argument. The jury also heard conflicting accounts about whether Cortez armed himself with knives. In her statements to police the night of the incident, M. said Cortez had threatened her with two "big knives," got close to her, and plunged the knives toward her abdomen as though to stab her. She also told the officer that she thought Cortez was going to "kill [her] or something."[2] At trial, however, she testified that she only thought Cortez had knives and later realized he was holding only a phone and a bottle of water.

## DISCUSSION

The trial court instructed the jury on assault with a deadly weapon in part as follows:

> "To prove that the defendant is guilty of this crime, the People must prove that:
>
> "1. The defendant did an act with a deadly weapon other than a firearm that by its nature would directly and probably result in the application of force to a person;
>
> "2. The defendant did that act willfully;
>
> "3. When the defendant acted, he was aware of facts that would lead a reasonable person to realize that his act by its nature would directly and probably result in the application of force to someone;
>
> "4. When the defendant acted, he had the present ability to apply force with a deadly weapon to a person;
>
> "AND
>
> "5. The defendant did not act in self-defense.
>
> "Someone does an act *willfully* when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.

---

[2] The responding officer testified that M. pointed out two knives to him in the sink, which he photographed.

"The People are not required to prove that the defendant actually touched someone.

"The People are not required to prove that the defendant actually intended to use force against someone when he acted.

"No one needs to actually have been injured by defendant's act. But if someone was injured, you may consider that fact, along with all the other evidence, in deciding whether the defendant committed an assault, and if so, what kind of assault it was." (CALCRIM No. 875.)

Cortez contends this instruction misstated the law of assault by instructing that "[t]he People are not required to prove that the defendant actually intended to use force against someone when he acted." He argues: "Like simple assault, assault with a deadly weapon is a general intent crime, and the general intent consists of the intent to use force against someone when committing the assaultive act." The relevant case law shows this to be incorrect.

To be sure, assault is a general intent crime, not a specific intent crime. (*In re B.M.* (2018) 6 Cal.5th 528, 533 ["Assault is a general intent crime; it does not require a specific intent to cause injury."]; *People v. Williams* (2001) 26 Cal.4th 779, 788 (*Williams*).) The intent required for assault with a deadly weapon "is the general intent to willfully commit an act, the direct, natural and probable consequences of which if successfully completed would be the injury to another." (*People v. Rocha* (1971) 3 Cal.3d 893, 899, fn. omitted.) "The intent to cause any particular injury [citation], to severely injure another, or to injure in the sense of inflicting bodily harm is not necessary." (*Ibid.*, fns. omitted.) "[A] specific intent to injure is not an element of assault because the assaultive act, by its nature, subsumes such an intent." (*Williams*, at p. 786.)

These authorities instruct that Cortez "did not have to intend to hit [M.] to be guilty of assault." (*People v. Golde* (2008) 163 Cal.App.4th 101, 109.) The People only had to prove that Cortez intended to do an act with a deadly weapon (knives) that "by its nature [would] probably and directly result in the application of physical force" to M.

4.

(*Williams, supra,* 26 Cal.4th at p. 790.)  The jury was thus correctly instructed that the People did not need to prove Cortez intended to use force against someone.

**DISPOSITION**

The judgment is affirmed.